UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BANSALE, on behalf of herself
and all others similarly situated and
ROBERT BANSALE,

        Plaintiffs,

v.                                          Case No. 2:12-cv-12-14559-SFC-PJK

New England Compounding        Honorable Robert H. Cleland
Pharmacy, Inc.,

                                                Magistrate Paul J. Kormives

        Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT NECC'S
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

**\*REQUEST FOR IMMEDIATE CONSIDERATION\***

NOW COME Plaintiffs, Brenda and Robert Bansale, by and through their attorneys, Lipton Law and for their Response to Defendant's Motion for Extension of Time to Answer Plaintiffs' complaint, state as follows:

1. Admit that NECC's response to Plaintiffs' complaint was due December 17, 2012. Plaintiffs further state that this was the date that the *second extension of time* Plaintiff granted Defendant expired, as set forth below:

   a. Plaintiff's complaint was filed on October 15, 2012 (Docket #1)

   b. Defendant was served on October 24, 2012, and an answer was due on November 14, 2012 (Docket #4)

1

    c. At the request of Defendant, NECC, Plaintiffs granted Defendant NECC a 30 day extension to answer Plaintiffs' complaint. Their answer was due on December 12, 2012 (Exhibit 1, Correspondence from counsel for Defendant NECC).

    d. Defendant requested a second extension of time to answer Plaintiffs' complaint. Defendant wanted to delay responding to Plaintiffs' complaint until January; Plaintiffs were unwilling to agree to an extension of that long. Plaintiffs agreed to extend the deadline for answering their complaint until December 17, 2012 (Exhibit 2, Correspondence from counsel for Defendant, NECC).

2. Plaintiffs admit that NECC is a named Defendant in multiple actions throughout the country. Plaintiff denies that Defendant "needs additional time to draft and verify formal pleadings." According to PACER, as of December 18, 2012 NECC is a named Defendant in up to 184 federal actions filed since October 11, 2012. Upon information and belief, all arise out of the same facts as those that underlie Plaintiffs' complaint: to wit, NECC's poisoning of thousands of innocent patients across the country by its contaminated steroids. To date, Defendant NECC has filed an answer to substantially similar allegations in at least one case, and that answer was filed by counsel for NECC in this case, Bowman and Brooke, LLP (Exhibit 3, Puro v. NECC, 0:12-cv-02605-DWF-SER (USDC, MN).

3. Plaintiffs admit that the JPML has set a hearing date on a motion for Transfer and Consolidation of Related Cases on January 31, 2013. As Defendant NECC only *requested* an extension until January 7, 2013, before *agreeing* to December 17, the hearing date is immaterial. Moreover, the mere filing of a JPML motion to transfer does not remove a party's obligation to engage in pretrial proceedings in the district court. J.P.M.L. 2.1(d):

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or

> remand of an action pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders in pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.*

4. Plaintiffs twice agreed to an extension at Defendant's request. 60 days is ample time for Defendant to respond to Plaintiffs' allegations

5. Plaintiffs deny that delaying until February 8 is reasonable:

    a. On November 29, 2012, NECC was ordered to attend Rule 26(f) conferences in 12 consolidated cases before the Mass. USDC on January 4, 2013, and to confer with counsel prior to that date to disclose, among other information, any applicable insurance agreements and information regarding the Plaintiffs (Exhibit 4, Rule 26(f) Order, In RE: New England Compounding Pharmacy Cases, 12-12052-FDS (USDC MA, J. Saylor);

    b. On December 7, 2012, NECC was ordered to attend a Rule 26 conference in 4 related cases pending in the USDC for Minnesota on January 2, 2013. (Exhibit 5, Order of USDC Judge Rau, in Puro v. NECC, Case No. 12cv2605 (12/7/2012). NECC has already met with counsel for Plaintiffs in the Puro case, and should be filing a Rule 26 report on or about December 19, 2012 (Exhibit 6, Letter by counsel for Puro, docket no. 17, in Puro v. NECC, Case No. 12cv2605).

6. Further, Defendant NECC fails to disclose to the Court that it has filed motions to stay proceedings in both the Massachusetts and Minnesota cases. The Massachusetts Court denied its motion to stay on 11/28/2012 (Docket 54, Erkan v. NECC, et. al, Case No. 12-cv-12052-FDS). The Minnesota Court set the hearing date on Defendant's motion for February 15, 2013, and required the parties to continue pre-trial proceedings pending the hearing date (Docket 13, Puro v. NECC, et. al., Case No. 12-cv-02605-DWF-SER). Having failed twice

at staying proceedings, Defendant NECC now seeks to avoid striking out by disguising their "Motion to Stay Proceedings" as a "Motion for Extension of Time to Respond." This tactic is particularly galling in this Court, where NECC has more cases pending against it than any other Court (35 as of December 17), and where more victims reside than in any other state (as of December 17, Michigan has reported 223 cases of infection following injection by NECC's tainted steroid – nearly twice the next highest total in any State, and more than 1/3 of the total victims, See, CDC case count, http://www.cdc.gov/hai/outbreaks/meningitis-map.html ). Michigan's victims are entitled to answers from NECC regarding the catastrophe sowed by it; an answer to the Bansale complaint is the first step in that process.

WHEREFORE, Plaintiffs respectfully request that this Court **immediately consider and deny** Defendant's motion to extend time to answer complaint.

## BRIEF IN SUPPORT

Plaintiffs rely upon FRCP 6(b)(1), which provides that an extension of time may requested before the time to complete the act expires, and the Court may grant that extension upon a showing of good cause. Here, while the request was made by NECC before the time that its answer was due expired, no good cause of granting the extension has been established. Plaintiff respectfully requests that this Court DENY Defendant's motion.

Dated:  December 18, 2012

                              Respectfully Submitted,

                              **Lipton Law**

/s/ Marc Lipton
(P 43877)
18930 W. 10 Mile Road
Southfield, MI 48075
Phone: (248) 557-1688
Fax: (248) 557-6344
Email: marc@liptonlaw.com

4

## Certificate of Service

I certify that on December 18, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

```
David L. Campbell (P66287)
Carmen M. Bickerdt (P62874)
Attorney for New England Compounding Pharmacy, Inc.
41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI  48304
David.campbell@bowmanandbrooke.com
Carmen.bickerdt@bowmanandbrooke.com
```

### Lipton Law

BY:   /s/ Marc Lipton
      (P 43877)
      18930 W. 10 Mile Road
      Southfield, MI 48075
      Phone: (248) 557-1688
      Fax: (248) 557-6344
      Email: marc@liptonlaw.com